J. M. CARTMELL, Respondent, v. HUNT & ADAMS, Appellants.

Kansas City Court of Appeals, April 30, 1894.

**Master and Servant:** TERMS OF EMPLOYMENT: CONSTRUCTION: EVI-DENCE. A traveling salesman by the terms of his employment covenanted that he was fit and competent to conduct the business properly and successfully; *held*, he did not thereby undertake to insure a paying business; and evidence that the business resulted in a loss, was properly excluded, in an action for damages for wrongful discharge.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

AFFIRMED.

*Beardsley & Gregory* for appellant.

As the contract of employment sued upon
reserved to the defendants the right to annul the
agreement, provided the plaintiff proved incompetent
to conduct a successful business, it was error for the
court to exclude evidence offered by the defendants to
show that the business as conducted by the plaintiff
was unsuccessful and was conducted at a financial loss.
*Carson v. McCormick Company*, 36 Mo. App. 468. If
one engages to conduct a successful business he engages
that he is able to overcome the obstacles which might
make that business unsuccessful; and he does not con-
tract alone that he possesses ordinary intelligence,
ability and faithfulness. Therefore it was important
in this case for the jury to know whether or not the
business was in fact successful. *Frary v. American
Rubber Co.*, 53 N. W. Rep. 1156; *Jones v. Graham &
Morton Trans. Co.*, 51 Mich. 539; *Hotchkiss v. Gretna
Ginnery Co.*, 36 La. Ann. 517; *Child v. Detroit*, 72
Mich. 623; *Koehler v. Buhl*, 54 N. W. Rep. 157;
*Bush v. Koll*, 29 Pac. Rep. 919; *Carson v. McCormick,
supra.*

*Kagy & Bremermann* for respondent.

The cases cited by appellants do not militate
against the case made by the facts here. The simple
question is, did they have a right to discharge for want
of success in the prosecution of the business? Respond-
ent did not contract to successfully prosecute the
business—he contracted that he possessed fitness and

competency. These thoughts, it seems to us, are a sufficient answer to the complaint made on the score of incompetency. or want of success, and the jury, under the facts before it and proper instructions by the court, took a like view and that settles it.

GILL, J.—On January 1, 1892, plaintiff and defendants entered into a written contract, whereby the plaintiff was employed for the period of one year to sell certain machines over a territory including about twenty-five counties in the state of Missouri. As compensation plaintiff was to get $50 per month and reasonable living and traveling expenses. He entered upon his work and prosecuted the same until August 1, 1892, when he was discharged; and this suit was brought for damages on account thereof, plaintiff alleging that such discharge was without cause.

In their answer defendants set up, that by the terms of the said contract plaintiff agreed to devote his time and energy to the interests of defendants, to render weekly reports, to properly house and care for all machines consigned to him, etc., etc.; "and, further, if plaintiff should violate or neglect to comply with said agreement on his part, or should prove in any way unfit or incompetent to conduct the business contemplated by such contract properly and successfully, then the defendants might annul said contract." It was then alleged that plaintiff violated and neglected to perform these various covenants on his part, and proved unfit and incompetent to conduct said business; and that for these reasons the plaintiff was discharged from said service.

After the introduction of evidence—that of the plaintiff tending to prove a faithful compliance of the contract on his part and that he was competent, and that of the defendant tending to the contrary—the

jury, first being instructed on the law of the case, returned a verdict for plaintiff in the sum of $149.00, and from a judgment thereon defendants appealed.

There is in this appeal but one question that deserves to be noticed. At the trial the defendants sought to show by their books and the testimony of their manager, that when a balance was struck it would appear that the sale of machines in plaintiff's district had been conducted at a loss. On objection by plaintiff's counsel the court excluded this evidence and the ruling is complained of.

This theory of defense is based on the following closing stipulation of the written contract existing between the parties: "But should said second party violate or neglect to comply with all the above written agreements, or prove in any way *unfit or incompetent to conduct the business properly and successfully*, said first party reserves the right to annul this agreement."

It seems to be defendants' contention that this amounted to a covenant on plaintiff's part that the defendants' business in the district assigned to him (plaintiff) should result in a profit. We think this is not a fair construction of the contract. The plaintiff did not undertake to insure a paying business, but did covenant that he was *fit and competent* to conduct the business properly and successfully. The plaintiff may have been a fit and competent salesman, and yet for other reasons the business might result unprofitably, or even disastrously. In such a case he could not be held responsible. If defendants had shown, not only that the business in that district was unprofitable, but that such result was attributable to plaintiff's neglect or inefficiency, then a good defense would have been proved. But the jury found in terms, that plaintiff *was* fit and "competent to manage the business contemplated by such contract properly and successfully,"

that he did devote his time and energy to the interests of the defendants, did properly house and care for the machines and did make the reports, etc. (as was submitted to them by defendants' first instruction)—in short, that plaintiff fully met every qualification he covenanted to possess and fully performed everything he undertook to do. And if there was a loss in the business then surely he was not responsible therefor.

More than this the defendants' manager at the trial admitted the plaintiff's competency, and only suggested that the plaintiff was not so industrious and energetic as he ought to have been. But the jury found that this' complaint was not well founded.

The instructions, all read together as one charge, fully, fairly, and intelligently covered every feature of the case; they were exceedingly just to the defendants. And, as we discover no substantial error, the judgment will be affirmed. All concur.